CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 28 2010

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| TESHA CAMELLE JOYCE, | ) |
| Plaintiff, | ) Case No. 7:10CV00375 |
| v. | ) |
| | ) MEMORANDUM OPINION |
| C/O BYERS, ET AL., | ) By: Glen E. Conrad |
| | ) Chief United States District Judge |
| Defendants. | ) |

Plaintiff Tesha Camelle Joyce, a Virginia inmate proceeding pro se, has filed this civil rights action, pursuant to 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. In her complaint, Joyce alleges that prison officials at the Fluvanna Correctional Center for Women have violated her constitutional rights by failing to protect her from being attacked by another inmate, by failing to place her in protective custody, and by failing to conduct appropriate classification procedures. Upon review of the record, the court finds that the complaint must be summarily dismissed without prejudice.

## Background

Joyce alleges the following sequence of events on which her claims are based. On June 16, 2010, Joyce asked Lt. Bland and the Unit Manager, Mrs. Williams, for protective custody "from Building 5, to avoid any trouble, or from getting hurt." Protective custody status was not provided. On June 17, 2010, Officer Byers unlocked Joyce's cell door, and another inmate came into the cell and "stomped and beat" Joyce. In addition, Officer Byers denied Joyce her lunch and dinner meals on June 16 and 17, 2010.

Officials brought a disciplinary charge against Joyce for fighting, based on the June 17, 2010 altercation with another inmate, and transferred Joyce to the segregation unit.[1] She wrote to many officials, seeking protective custody and asking not to be assigned to Building 5. She received a

---

[1] Joyce insists that she was attacked on June 17, 2010, and did not fight back.

letter from Offender Management Services, advising her to contact her counselor to make any "enemy claims." Joyce listed several officers' names on her "enemy list" and sent it to Counselor Perry, who failed to submit "the paperwork."

Sgt. Goode ordered Joyce to go back to Building 5 on July 9, 2010. When she refused, Goode brought a disciplinary charge against her for failing to obey a direct order and maintained her in the segregation unit. On July 15, 2010, Goode moved Joyce to a strip cell with no mattress and surveillance cameras. Feeling depressed over recent news that a cousin had been killed, Joyce wrote an emergency grievance, asking for mental health care. Goode responded that this issue did not present an emergency and advised Joyce to use an inmate request form if she wished to seek mental health services.

Joyce had a hearing on July 29, 2010, concerning her classification status. Joyce believes the officers improperly threatened her with an adverse hearing outcome, based on the many inmate request forms she had filed concerning her desire for protective custody and other issues. Joyce also complains that her former counselor improperly conducted the hearing, instead of her current counselor. Although Joyce believes that she should have been transferred to a work camp, the hearing officer found that she should remain in segregation/isolation. On August 5, 2010, officials reassigned Joyce from a "1-1 level" to a "3-4 level." Joyce complains that these classification decisions were influenced by false information from the officers. Since these events, Joyce alleges that she has complained, in writing and verbally, to numerous officials, and her mother has called the Virginia Department of Corrections, asking that changes be made to Joyce's status. Joyce states that no one has investigated these issues or attempted to help her obtain a transfer away from FCCW.

Joyce states in her complaint that she filed inmate request forms and grievances about the issues raised. The court conditionally filed the case and required Joyce to submit a verified statement, indicating whether she had exhausted her administrative remedies as to each of the claims raised in her complaint and to submit documentation demonstrating exhaustion. Joyce signed and returned the verified statement form, indicating that her grievances were rejected as untimely filed.

She also attaches a letter from the warden, stating that because Joyce had refused to follow proper grievance procedures and had filed an excessive number of informal complaints and grievances, officers had determined that she was not using the grievance procedures in good faith and had limited her, effective August 27, 2010, to filing only one informal complaint and one grievance per week for 90 days. The letter also states that this limitation is grievable. Although directed to do so, Joyce does not attach any other documentation demonstrating her attempts to exhaust administrative remedies, either before or after August 27, 2010.

## Discussion

To state a cause of action under § 1983, a plaintiff must establish that she has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). A complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" may be dismissed under § 1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted." The factual allegations in the complaint must contain "more than labels and conclusions," and the action may be dismissed if the allegations do not provide "enough to raise a right to relief above a speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). After a review of Joyce's allegations as amended, the court concludes that she fails to demonstrate exhaustion of administrative remedies and also fails to allege facts stating any plausible claim actionable under § 1983.

### A. Exhaustion of Administrative Remedies

The Prison Litigation Reform Act provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983] or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). It is well established that this exhaustion requirement is mandatory, Anderson v. XYZ Correctional Health Services, Inc., 407 F.3d 674, 677 (4th Cir. 2005), and that the requirement "applies to all inmate suits about prison life." Porter v. Nussle, 534 U.S.

516, 532 (2002). Failure to follow the required procedures of the prison's administrative remedy process or to exhaust all levels of administrative review is not "proper exhaustion" and will bar an inmate's § 1983 action. Woodford v. Ngo, 548 U.S. 81, 90 (2006). "[W]here failure to exhaust is apparent from the face of the complaint," the court may summarily dismiss the complaint on that ground. Anderson, 407 F.3d at 682.

The court finds it clear from the face of Joyce's submissions that she did not properly utilize the prison's grievance procedures before filing this lawsuit. By her own allegations, Joyce filed repeated informal complaints, grievances, and emergency grievances concerning the issues in the complaint. She does not allege, however, that she ever appealed any of the grievances as required under the procedures. Moreover, when required by the court to document her efforts at exhaustion, Joyce submitted documentation indicating that she did not properly utilize the prison's established procedures. She also admits that one or more of the grievances she filed was rejected as untimely filed according to the deadlines set by the procedures. Based on her submissions, the court finds it clear that she failed to properly exhaust administrative remedies before submitting her § 1983 complaint. Accordingly, the court will dismiss the action without prejudice, pursuant to § 1997e(a).

### B. Failure to State a Claim

In the alternative, the action is dismissed without prejudice, pursuant to § 1915A(b)(1), because the court is also satisfied that Joyce's allegations fail to state any constitutional claim actionable claim under § 1983. Other than her own speculative fears, she does not allege any facts she provided to the defendants from which they knew that she was at a significant risk of suffering serious harm at the hands of another inmate or inmates if maintained in Building 5 or if her cell door was opened. See Farmer v. Brennan, 511 U.S. 825, 837 (1994). The Eighth Amendment is not violated by negligent failure to protect inmates from violence. Moore v. Winebrenner, 927 F.2d 1312, 1316 (4th Cir. 1991). Joyce's claim that she was denied meals on two occasions does not rise to constitutional proportions. See Strickler v. Waters, 989 F.2d 1375, 1380-1381 (4th Cir. 1993). Likewise, her allegations concerning her dissatisfaction with the manner in which defendants

responded to her request forms and grievances does not state a constitutional claim, since inmates have no constitutional right to a grievance procedure. Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994).

Joyce's assignment to segregation status does not state any constitutional deprivation, because she fails to demonstrate that the segregation conditions imposed any atypical hardship on her, when compared to the ordinary incidents of prison life. See Sandin v. Conner, 515 U.S. 472, 484 (1995). Finally, Joyce's claims concerning the defendants' alleged failure to follow prison classification procedures present nothing more than alleged violations of state prison regulations, which are not independently actionable under § 1983, and the court declines to exercise supplemental jurisdiction over such claims, pursuant to 28 U.S.C. § 1367(c). Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985). See also Oliver v. Powell, 250 F. Supp.2d 593, 605 (E.D. Va. 2002) (finding that Virginia prisoner classification regulations do not create federally protected liberty interest); Garrett v. Angelone, 940 F. Supp.2d 933, 943 (W.D. Va.1996) (same).

## Conclusion

For the stated reasons, the court will dismiss Joyce's complaint without prejudice for failing to properly exhaust the administrative remedies procedures as required under § 1997e(a). In the alternative, the court dismisses the action without prejudice, pursuant to § 1915A(b)(1), for failure to state any actionable claim under § 1983. An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 21st day of September, 2010.

_____
Chief United States District Judge